# UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| SAUL AND SHIRLEY LASSOFF, | : | Hon. Joseph H. Rodriguez |
| | : | |
| *Plaintiffs*, | : | Civil Action No. 23-20419 |
| | : | |
| v. | : | |
| | : | |
| MGM RESORTS INTERNATIONAL, | : | |
| | : | OPINION |
| *Defendant*. | : | |

Presently before the Court is Defendant's motion to transfer venue pursuant to 28 U.S.C. § 1404. [Dkt. No. 41.]. Plaintiffs allege claims of negligence, breach of contract, and unjust enrichment against Defendant MGM Resorts International ("MGM") arising from a cybersecurity incident in September 2023.[1]  Defendant moves to transfer this matter to the District of Nevada where fourteen similar putative nationwide class actions (collectively, the "Nevada Matters") are pending against MGM. Plaintiffs have aggressively prosecuted this action and have filed a motion to secure first-to-file status and to compel transfer of the pending Nevada Matters to the District of New Jersey.[2] Despite the fervent pace of Plaintiffs' filings, Plaintiffs have not filed an opposition brief to this motion to transfer. For that reason, and because the merits of this case dictate

---

[1]  Plaintiffs bring claims against MGM, a Nevada Corporation, on behalf of themselves and a putative class. The allegations stem from a September 2023 cybersecurity incident on MGM's information technology systems which exposed personal identifying information of its customers. Plaintiffs claim that MGM "mishandled" and "compromised" their personal information. (*See* Am. Compl., ¶¶ 4, 13 [Dkt. No. 25]).

[2]  Plaintiffs have filed several letters and motions seeking to compel the Nevada Matters transfer to this District. [Dkt. Nos. 11, 18, 23, 26, 28, 31]. A number of these motions were dismissed due to several deficiencies. Currently, Plaintiffs' Motion at Dkt. No. 31 is pending and this motion does not include any affidavits, declarations, or other attachments relevant to the Court's analysis.

transfer, MGM's motion will be granted and the matter will be transferred to the District of Nevada.[3]

## I.       Background

Plaintiffs, Pennsylvania citizens, filed the present matter on September 18, 2023. [Dkt. No. 1]. That same day, Plaintiffs filed an amended complaint. [Dkt. No. 2].[4]  The Court found the amended complaint deficient and granted leave to amend. [Dkt. No. 21]. On November 13, 2023, Plaintiffs filed another amended complaint and the Court found it deficient and subsequently granted leave to amend. [Dkt. No. 22]. The operative complaint was filed on November 15, 2023. [Dkt. No. 25].

In the meantime, Plaintiffs filed several letter requests and motions, styled as "Motion to Preclude all other venues & duplicate litigation against Defendant MGM Resorts International only; and issue proposed first to file preclusion order as to Defendant MGM Resorts International only by Saul Lassoff, Shirley Lassoff." [Dkt. Nos. 11, 18, 23, 28, 31]. Plaintiffs also refused to give consent to Defendant's requests for extensions of time to respond, filed opposition to Defendant's requests, and then filed a

---

[3]  The Court has considered the arguments set forth in the Plaintiffs' brief in support of its Motion to secure first-to-file status as well as the arguments and exhibits submitted in Defendant's opposition to that Motion as these arguments relate to Plaintiffs' choice of forum. [Dkt. Nos. 31, 40]. The "first-to-file" or "first-filed" rule "gives a court 'the power' to enjoin the subsequent prosecution of proceedings involving the same parties and the same issues already before another district court. *E.E.O.C. v. Univ. of Pennsylvania*, 850 F.2d 969, 971–72 (3d Cir. 1988), aff'd, 493 U.S. 182, 110 S. Ct. 577, 107 L. Ed. 2d 571 (1990) (citation omitted).

[4]  Both the Complaint and Amended Complaint filed on September 18, 2023 include claims against Defendant Caesars Entertainment, Inc. ("Caesars"). Plaintiffs voluntarily dismissed the claims against Caesars on October 9, 2023. [Dkt. No. 7]. That same day, Plaintiffs filed a separate action against Caesars alleging identical claims. *See Lassoff v. Caesars Entertainment, Inc.* Civ. No. 23-20997 (D.N.J. Oct. 9, 2023). That matter was assigned to a different judge and Counsel for Plaintiffs, Samuel Lassoff, substituted himself as the sole Plaintiff on November 18, 2023. The Caesars matter was transferred to the District of Nevada on January 18, 2024.

preemptive Motion for Default [Dkt. No. 38]. Defendant filed the present motion to transfer on January 16, 2024. [Dkt. No. 41].

## II.    Discussion

Pursuant to Section 1404, a court may transfer a civil action to any other district where the case might have been brought if the transfer serves "the convenience of parties and witnesses, [and is] in the interest of justice." 28 U.S.C. § 1404(a). The moving party bears the burden of establishing that the transfer is appropriate and must establish that the alternate forum is more convenient than the present forum. *Jumara v. State Farm Ins. Co.*, 55 F.3d 873, 879 (3d Cir. 1995). The Court has broad discretion in making determinations under Section 1404(a), and convenience and fairness are considered on a case-by-case basis. *Commodity Futures Trading Comm'n v. Perkins*, No. 06-4674, 2007 WL 2122029, at *3 (D.N.J. July 18, 2007).

Section 1404 requires a two-pronged analysis. The threshold inquiry is whether the proposed forum is one in which Plaintiffs could have originally brought suit. In this case, jurisdiction is predicated on the diversity of the parties under 28 U.S.C. § 1332. Where jurisdiction is based on diversity of citizenship, a civil action may be brought in:

> (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant is subject to personal jurisdiction at the time the action is commenced, if there is no district in which the action may otherwise be brought.

28 U.S.C. § 1391. Venue would be proper in the District of Nevada, as the Defendant

transacts business there, has its headquarters there, and at least part of the events giving rise to this cause of action occurred there. (*See generally,* Decl. of Haley D. Torrey).

Next, this Court must consider whether transfer would be in the interest of justice and for the convenience of the parties and witnesses. *See* 28 U.S.C. § 1404(a). In deciding motions to transfer venue, "courts have not limited their consideration to the three enumerated factors in § 1404(a) (convenience of parties, convenience of witnesses, or interests of justice)." *Jumara*, 55 F.3d at 879. In addition, courts consider other relevant public and private interests:

> The private interest factors incorporate the preferences of the parties in the context of the litigation, and include (1) the choice of forum of the plaintiff; (2) the defendant's preference; (3) the ease of access to sources of proof; (4) the convenience of the witnesses-only to the extent that a witness may actually be unavailable for trial in one of the fora; and (4) where the claim arose. The second category analyzes the public interest including (1) practical considerations which could make the litigation easier and more expeditious, or inexpensive; (2) court congestion and administrative difficulties; (3) the local interest in resolving local controversies at home; and (4) the public policies of the fora.

*Mendoza v. U. S. Custom & Border Protection*, No. 05-6017, 2007 WL 842011, at *3 (D.N.J. March 19, 2007) (citing *Jumara*, 55 F.3d at 879) (internal citations omitted). Below the Court applies this analytical framework to the facts before it.

A.      Plaintiff's Choice of Forum

"Plaintiffs' choice of forum is a paramount consideration that should not lightly be disturbed." *Clark v. Burger King Corp.*, 255 F.Supp.2d 334, 338 (D.N.J. 2003) (quoting *Ayling v. Travelers Prop. Casualty Corp.*, No. 99-3243, 1999 WL 994403, at *2 (E.D.Pa. Oct. 28, 1999)). Unless the defendant can show that the inconvenience to

the parties strongly favors its preference, plaintiff's choice of forum should prevail.

*Shutte v. Armco Steel Corp.*, 431 F.2d 22, 25 (3d Cir. 1970). However, courts give

substantially less weight to a plaintiff's forum choice when, as here, the dispute at the

heart of a lawsuit occurred almost entirely in another state. *See e.g., NCR Credit Corp.*

*v. Ye Seekers Horizon, Inc.*, 17 F.Supp.2d 317, 321 (D.N.J. 1998); *Ricoh Co., Ltd. v.*

*Honeywell, Inc.*, 817 F. Supp. 473, 481-82 (D.N.J. 1993).

       Here, Plaintiffs filed in the District of New Jersey and chose this forum because

their counsel is licensed to practice in this district, that some of their witnesses reside

here, and because they are unable to travel. (*See* Am. Comp., at ¶ 1, Plaintiffs' Motion to

Preclude, Dkt. No. 31, at p. 7). However, the action is based on operative facts that bear

little connection to New Jersey and none of the parties to this action are citizens of this

State. The parties agree that Plaintiffs initiated their putative class action lawsuit first,

before the other Nevada Matters. However, sufficient reasons exist to justify departure

from the "first-to-file" rule, including "the location of a large number of relevant

witnesses and documents in [Nevada], as well as the total lack of any such evidence in

New Jersey, the enhanced convenience offered by trial in [Nevada.]" *Ricoh Co.*, 817 F.

Supp. at 487 (granting transfer).[5]  Thus, although it is entitled to deference, the weight

---

5 Plaintiffs claim that because they are the first-to-file their preferred choice of forum should be given priority. *Univ. of Pennsylvania*, 850 F.2d at 971–72. This argument lacks sufficient foundational support. Plaintiffs' haste to achieve first-to-file status resulted in Plaintiffs amending their complaint the same day they originally filed, then filing several deficient pleadings thereafter, and the voluntary dismissal of a defendant. The Court agrees with Defendants and finds that Plaintiffs' contention that their deficient filings warrant application of the first-to-file rule is at odds with both the law and the purposes of the first-to-file rule itself. Thus, while Plaintiffs won the race to the courthouse, they failed to sufficiently set forth claims regarding jurisdiction and venue and the *Jumara* factors do not tip in their favor. Thus, given the circumstances of this case, the Court will exercise its discretion to depart from the first-to-file rule. *Univ. of Pennsylvania*, 850 F.2d at 972.

of Plaintiffs' forum preference is reduced because New Jersey has few, if any, significant contacts with the parties and the underlying cause of action.

B.       Where the Claim Arose

The events giving rise to the claims appear to have occurred in Nevada and there are no facts to challenge this assertion. (*See generally,* Decl. of Haley D. Torrey). Accordingly, this factor weighs in favor of the Defendant.

C.       Convenience of the Parties and Witnesses

In considering the "convenience of the parties" district courts should focus on the relative physical and financial condition of the parties. *See Jumara*, 55 F.3d at 879. Plaintiffs argue in other filings that they are elderly and unable to travel. [Dkt. No. 31] On the other hand, Defendant is a large corporation, but is already involved in fourteen related putative class actions in the District of Nevada and has worked with that court to streamline the cases. The fact that Defendant has substantially more resources than Plaintiffs should not be the sole reason for refusing a transfer, *see Nat'l Mortgage Network, Inc. v. Home Equity Ctrs., Inc.*, 683 F.Supp. 116, 119 (E.D.Pa. 1988), but the Court acknowledges that litigating in a distant forum would weigh more heavily on Plaintiffs. However, Plaintiffs did not choose their home state of Pennsylvania to pursue this action and appear to rest their arguments solely on their chosen counsel's licensing status. Moreover, the Nevada Matters bear significant contacts to the District of Nevada and the operative facts, evidence, and witnesses mostly reside in that district. (*See* Decl. of Haley D. Torrey, ¶¶ 4-5). Transferring the Nevada Matters to this District, as Plaintiffs seek, is neither efficient nor economical for the resolution of these issues and

is unwarranted in this instance. The relative inconvenience to the parties does not favor Plaintiffs for this reason.

In assessing the private interests of the parties, the convenience of potential witnesses also must be balanced. *In re Consolidated Parlodel Litig.*, 22 F. Supp.2d 320, 323 (D.N.J. 1998). Defendant is headquartered in Nevada and almost all its potential witnesses are located there. (*See* Decl. of Haley D. Torrey, ¶¶ 4-5). Plaintiffs themselves appear to be their only witnesses. Convenience of the witnesses is a neutral factor, at best, that will not impact the Court's decision.

D.    Location of the Relevant Documents

The "relative ease of access to sources of proof" is another private interest district courts may consider when evaluating a motion to transfer. *See Clark*, 255 F. Supp.2d at 339. It is not clear to the Court how great of a burden it would be to move the necessary documents to New Jersey. "[W]hen documents can be transported and/or easily photocopied, their location is entitled to little weight." *Id*. It is unclear what documents might be needed at trial for Plaintiffs. Based on the record before the Court, it appears the relevant evidence in located in Nevada. (*See* Decl. of Haley D. Torrey, ¶¶ 4-5).   This factor weighs slightly in favor of transfer.

E.    Public Factors

Next, the Court turns to the public interests at stake: (1) practical considerations which could make the litigation easier and more expeditious, or inexpensive; (2) court congestion and administrative difficulties; (3) the local interest in resolving local controversies at home; and (4) the public policies of the fora. *Jumara*, 55 F.3d at 879.

There is no evidence that either court poses administrative difficulties or serious practical considerations. However, there is a question as to whether New Jersey has an interest in this case. Accordingly, this public factor favors transfer.

III.    Conclusion

Pursuant to 28 U.S.C. § 1404(a), the Court finds that transfer of this action is appropriate because the federal court in Nevada will provide a more convenient forum in which to efficiently coordinate between and manage multiple overlapping cases involving different plaintiffs and counsel of record. MGM is headquartered in Nevada, and Plaintiffs are Pennsylvania citizens. Plaintiffs have failed to demonstrate that there is a nexus between any alleged action in this District and/or that any activity or exposure took place in this District. Moreover, most of the evidence will be in Nevada and the other named plaintiffs in the Nevada action have already begun working toward a proposal for efficiently pursuing these claims without the need for the Court to duplicate its efforts in multiple actions.

The Court further finds that transfer of this action will promote the just and efficient resolution of these matters for all parties and preserve the judiciary's resources by streamlining both motion practice and discovery. Accordingly, MGM's motion to transfer this action to the District of Nevada pursuant to 28 U.S.C. § 1404(a) will be granted and the Court will grant MGM's request for a thirty-day stay to its obligation to respond to the Plaintiffs' complaint. The relief sought in Plaintiffs' Motion to Preclude [Dkt. No. 31] is denied.

An appropriate Order shall issue.

Dated: May 22, 2024

s/ Joseph H. Rodriguez
HON. JOSEPH H. RODRIGUEZ,
United States District Judge